MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
**THE BOURASSA LAW GROUP, LLC**
8668 Spring Mountain Road, Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
mbourassa@bourassalawgroup.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ASHLEY DAYLEY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>KRAVITZ, SCHNITZER, SLOANE & JOHNSON, CHTD., a Nevada corporation; CITIBANK (SOUTH DAKOTA) N.A.,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT** |

## **COMPLAINT**

Plaintiff, ASHLEY DAYLEY (hereinafter referred to as "PLAINTIFF") by and through the undersigned attorney, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, brings this complaint against the above-named defendant and in support thereof alleges the following:

### PRELIMINARY STATEMENT

1. PLAINTIFF brings this action for actual and statutory damages arising from Defendants' violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and Nevada Revised Statutes.

- 1 -

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

3. Venue in this District is proper because PLAINTIFF and Defendants reside and/or do business in the District of Nevada. Venue is also proper in this district because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

## PARTIES

4. PLAINTIFF is a natural person who resides in Nevada.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3) and as defined in the FCRA at 15 U.S.C. § 603(c)

6. PLAINTIFF allegedly owed (past due) consumer debt as defined by 15 U.S.C. § 1692a(5) and NRS § 649.010.

7. Defendant, KRAVITZ, SCHNITZER, SLOANE & JOHNSON, CHTD. ("KRAVITZ SCHNITZER"), is a Nevada corporation, the principal purpose of whose business is the collection of debts.

8. Defendant, CITIBANK (SOUTH DAKOTA) N.A. ("CITIBANK"), is a national bank organized and existing under federal law.

9. Collectively, KRAVITZ SCHNITZER and CITIBANK are referred to herein as "DEFENDANT."

10. PLAINTIFF is informed and believes, and thereon alleges, that KRAVITZ SCHNITZER regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that KRAVITZ SCHNITZER is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. DEFENDANTS acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## STATEMENT OF FACTS

12. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 11 inclusive, above.

13. PLAINTIFF allegedly received a revolving line of credit from CITIBANK and accrued debt on the credit line until defaulting on the payment requirements on or about August 22, 2006.

14. The alleged revolving line of credit from CITIBANK was secured via a telephone application to CITIBANK, and therefore there is no signed written application or agreement by PLAINTIFF.

15. PLAINTIFF disputed all of the charges accrued on the alleged account as being the result of identity theft in or about October of 2005.

16. The alleged revolving line of credit from CITIBANK constituted an unsigned instrument in writing, and meets the definition of an open account under Nevada law.

17. The applicable statute of limitations under Nevada law for an open account is four (4) years pursuant to NRS 11.190(2)(a).

18. Thereafter, on an unknown date, CITIBANK placed the alleged account with KRAVITZ SCHNITZER for collection activities.

19. On or about June 17, 2011, CITIBANK, by and through KRAVITZ SCHNITZER, filed a Complaint against PLAINTIFF in Clark County, Nevada District Court, entitled <u>Citibank (South Dakota) N.A. v. Ashley Dayley</u>, Case No. A-11-643515-C (the "State Court Action").

20.     At the time of filing the complaint, the State Court Action was time-barred pursuant to Nevada law and NRS 11.190(2)(a).

21.     Despite the State Court Action being time-barred, and PLAINTIFF repeatedly advising DEFENDANTS that the State Court Action was time-barred, DEFENDANTS continued to prosecute the State Court Action.

22.     DEFENDANTS' intent in brining and continuing to prosecute the State Court Action was to harass and/or abuse the PLAINTIFF.

23.     DEFENDANTS bringing and continuing to prosecute the State Court Action was a false and/or misleading representation and the State Court Action contained false and misleading representations including, but not limited to, those representations stated herein.

24.     KRAVITZ SCHNITZER'S bringing and continuing to prosecute the State Court Action was an unfair collection practice in violation of 15 U.S.C. § 1692f.

25.     KRAVITZ SCHNITZER failed and refused to provide a validation of debts notice to PLAINTIFF in accordance with 15 U.S.C. § 1692g.

26.     As a result of the acts and omissions of the DEFENDANTS, PLAINTIFF has suffered actual damages and serous financial and pecuniary harm arising from being required to appear and defend the State Court Action, monetary losses related to the State Court Action, loss of use of funds, out-of-pocket expenses and other related costs, all to PLAINTIFF'S detriment and loss.

27.     As a result of the acts and omissions of the DEFENDANTS, PLAINTIFF has suffered great physical, emotional and mental pain and anguish, all to PLAINTIFF'S detriment and loss.

28.     As a result of the acts and omissions of the DEFENDANTS, PLAINTIFF has been forced to hire counsel to prosecute this action and to incur attorney fees and costs.

29. PLAINTIFF is informed and believes and therefore alleges that PLAINTIFF may have suffered damages in other ways and to other extents not presently known to PLAINTIFF, and not specified herein. PLAINTIFF reserve the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE FDCPA
## 15 U.S.C.§ 1692 *et seq.*

### (as against KRAVITZ SCHNITZER)

30. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 29 inclusive, above.

31. The forgoing acts and omissions of KRAVITZ SCHNITZER, including but not limited to bringing and continuing to prosecute the State Court Action constitute violations of the FDCPA, including, but not limited to sections 1692d, 1692e, 1692f, and 1692g.

32. As a result of the violations by DEFENDANT, PLAINTIFF is entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

33. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefore.

## SECOND CLAIM FOR RELIEF

## ABUSE OF PROCESS

### (as against all DEFENDANTS)

34. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 33 inclusive, above.

35. No valid legal dispute existed between CITIBANK and PLAINTIFF because any legal action by CITIBANK as against PLAINTIFF in Nevada was time-barred.

36. The forgoing acts and omissions of DEFENDANTS were done for an ulterior purpose other than resolving a legal dispute.

37. DEFENDANT'S willful act in bringing and continuing to prosecute the State Court Action was not proper in the regular conduct of the proceedings.

38. As a result of the forgoing acts and omissions by DEFENDANTS, PLAINTIFF is entitled to general and compensatory damages in an amount in excess of $75,000.00, to be shown specifically at the time of trial.

39. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefore.

## THIRD CLAIM FOR RELIEF

### INVASION OF PRIVACY

### (as against all DEFENDANTS)

40. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 39 inclusive, above.

41. DEFENDANTS' acts and omissions constitute unreasonable debt collection practices in violation of the doctrine of Invasion of Privacy. *Kuhn v. Account Control Technology, Inc.*, 865 F.Supp. 1443, 1448-49 (D. Nev. 1994); *Pittman v. J.J. MacIntyre Co. of Nevada, Inc.*, 969 F.Supp. 609, 613-14 (D.Nev. 1997).

42. As a result of the invasion of privacy by DEFENDANTS, PLAINTIFF is entitled to recover actual damages as well as exemplary damages in amounts in excess of $75,000.00, to be proven at trial.

43. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefore.

\\\

## FOURTH CLAIM FOR RELIEF

## CONCERT OF ACTION

**(as against all DEFENDANTS)**

44. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 43 inclusive, above.

45. DEFENDANTS acted with one another to commit the torts alleged herein while acting in concert or pursuant to a common design. *Dow Chemical Co. v. Mahlum,* 114 Nev. 1468, 970 P.2d 98 (1998).

46. As a result of the concert of action by DEFENDANTS, each of the DEFENDANTS should be held liable for the injuries to PLAINTIFF as alleged herein, and PLAINTIFF is entitled to recover actual damages, statutory damages, as well as exemplary damages in amounts in excess of $75,000.00, to be proven at trial.

47. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefore.

## FOURTH CLAIM FOR RELIEF

## VIOLATION OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT

**(as against all DEFENDANTS)**

48. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 47 inclusive, above.

49. PLAINTIFF'S Consumer Fraud claim is based on NRS 41.600 for violations of NRS Chapter 598.

50. At all times herein DEFENDANT was subject to the provisions of the Nevada Deceptive Trade Practices Act; NRS 598.

51. Pursuant to NRS 598.0915: "A person engages in a 'deceptive trade practice' if, in the course of his or her business or occupation, he or she: ... 15. Knowingly makes any other false representation in a transaction. ..."

52. DEFENDANTS knowingly made false representations by bringing and continuing to prosecute a time-barred claim against PLAINTIFF in the State Court Action and, as a result, DEFENDANTS have violated the Nevada Deceptive Trade Practices Act.

53. DEFENDANTS are subject to liability for civil penalties, PLAINTIFF'S attorney fees and costs for violations of the Nevada Deceptive Trade Practices Act and PLAINTIFF is entitled to damages as set forth in the Prayer for Relief herein.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor and that judgment be entered against DEFENDANTS for the following:

(1) For general and compensatory damages;

(2) For statutory damages pursuant to 15 U.S.C. § 1692k in the amount of $1,000.00;

(3) For exemplary damages;

(4) For actual damages incurred by PLAINTIFF;

(5) For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(6) For such additional damages as are allowed pursuant to the Nevada Deceptive Trade Practices Act, including punitive damages;

(7) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

\\\

(8)     For any and all other relief this Court may deem appropriate.

DATED this 6th day of December 2012.

THE BOURASSA LAW GROUP, LLC

_____
MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
8668 Spring Mountain Rd., Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
*Attorney for Plaintiff*
